THOMAS J. GOREE v. C. C. DUPREE.

(No. 1365, Op. Book No. 2, p. 698.)

ERROR from Walker County.   Opinion by WILLSON, J.

§ 825. *Jurisdiction of county court to issue mandamus, etc., is restricted to the enforcement of its own jurisdiction.*   Defendant in error applied to the county judge of Walker county for a peremptory *mandamus* to compel plaintiff in error, as superintendent of the penitentiary, to approve an account for the sum of $75.90, which de-

fendant in error claimed was due him by the state of Texas for conveying a convict, etc. Plaintiff in error pleaded to the jurisdiction of the court, which plea was overruled, and he was ordered by the judgment of the court to approve the account, etc.  *Held*, the jurisdiction of the county judge to issue the writs of *mandamus*, etc., is limited to cases where such writs are necessary to the enforcement of the jurisdiction of the county court. [Const. art. V. sec. 16.]  Such is the plain language of the constitution.  In other words, to authorize the issuance of such writs, the court must have jurisdiction of the subject matter in relation to which the writ is issued.  If the court is without jurisdiction of the subject matter, there is no jurisdiction to enforce, and, consequently, nothing upon which the court can legally act. [Hockersmith v. Long, *post*, p. 000.]  In this case the amount claimed, and in regard to which the *mandamus* was issued, is not within the jurisdiction of the county court, and for that reason the judgment of the court is void.  As the county court had no jurisdiction in the matter, this court can acquire none by this writ of error, and it is

February 7, 1883.                              Dismissed.